IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Derrick Lorick,Jr v. Town of Fishkill et al<br>24-cv-2586(NSR) | |
| THIS DOCUMENT RELATES TO:<br>*Letter of the Court Doc# 31 and 32* | Plaintiff's Request for Conference |

<u>Via ECF</u>

Hon. Magistrate Andrew E. Krause
United States District Court Judge
300 Quarropas Street
White Plains, NY 10601-4150

Dear Judge Krause,

My office represents the Plaintiff in the above stated matter. I am writing this request because I was not afforded the opportunity to reply to Defendants' status report. I was not given the opportunity to inspect the joint status report. As such it was not a joint status report. it contains some misrepresentations that I would like to address briefly.

During the last conference, I raised the issue that defense counsel, while inspecting my client's phone, took pictures of some videos that were not taken at the time of the incident nor were the videos taken within a week or a month of the incident. I further argued that the videos taken by defense counsel did not reflect the actual dates of the video and properly objected and made clear to defense counsel that we will not accept those videos.

During the last conference, I raised the issue again. Your Honor stated that he thought it was about videos taken around the time of the incident because it is difficult to find the date of videos concerning videos sent by other people.

On July 8, 2025, on the same day that the joint report was due, defense counsel sent me a notice to admit concerning the videos that I objected to, and that were not in the scope of our discovery conferences. So, I objected and stated that my client will not answer to any notice to admit concerning those videos.
For example, the notice to admit, asks my client to admit whether or not the video depicts his left wrist . This is regardless of the period during which the video was made.
These are the reasons why I objected to the notice to admit.
How will my client admit the picture of a wrist where we do not even know the time the video was made?
These are the issues that my client would like this Court to address first prior to answering the notice to admit.
Accordingly, Plaintiff respectfully requests a conference to address this issue

1

Plaintiff through his attorney, thanks this Court for its time and consideration.

Dated: July 9, 2025

Respectfully submitted,

cc: *Via Ecf*

/s/ryannekonan

Steven C. Stern, Esq.

RYANNE G. KONAN, ESQ.
4 MARSHALL ROAD
SUITE 107
WAPPINGERS FALLS, NY 12590

---

The Court has received and reviewed Plaintiff's counsel's July 9, 2025 letter (ECF No. 33). As an initial matter, any future status reports must be joint submissions from the parties that reflect input from both counsel. That said, the Court does not see what purpose would be served by having a status conference at this time. The Court's prior order at ECF No. 32 did not direct Plaintiff to provide any particular response to Defendants' requests for admission—it simply clarified that the requests were timely served, and that Plaintiff was required to respond to those requests. It is apparent from Plaintiff's counsel's most recent letter that Plaintiff will have objections to certain requests and that he may not have sufficient information to respond to certain requests. Rule 36 of the Federal Rules of Civil Procedure specifies how answers may be provided and how objections may be raised. Plaintiff must answer or object to the requests for admission in the manner contemplated by Rule 36. If defense counsel is unsatisfied with the responses, the parties must meet and confer regarding the responses, and if necessary, the matter can then be raised with the Court, consistent with the procedures in ECF No. 15, and a hearing will be scheduled to address the discovery dispute. At this point, a conference to discuss Plaintiff's anticipated objections or concerns would be premature. Accordingly, the motion for a conference (ECF No. 33) is DENIED.

Dated: July 15, 2025

SO ORDERED.

*/s/ Andrew Krause*

ANDREW E. KRAUSE
United States Magistrate Judge